(164 App. Div. 67)

## SPRINGER v. THOMPSON.

(Supreme Court, Appellate Division, Second Department. October 16, 1914.)

1. JUDGMENT (§ 338*)—VACATION—REMEDY BY APPEAL.

Where an order amending the trial court's conclusion of law that the complaint should be dismissed, and the judgment dismissing the complaint, by inserting a recital that the dismissal was "for failure of proof," was made upon notice, and there was no inadvertence or clerical mistake, it was not irregular or beyond the jurisdiction of the court, and, if·erroneous, the remedy was by appeal, and not by motion to vacate.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 721; Dec. Dig. § 338.*]

2. JUDGMENT (§ 328*)—AMENDMENT—COMPELLING ENTRY OF AMENDED JUDGMENT.

Where the trial court by order granted a motion to amend its conclusions of law and judgment, to show that the dismissal of the complaint was for failure of proof, a motion to require the entry of the judgment as amended, in order that an appeal might be taken from the amended judgment after the time for appealing from the order amending the judgment had expired, was properly denied.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 630, 637; Dec. Dig. § 328.*]

Appeal from Special Term, Kings County.

Action by Charles N. Springer against Henrietta A. Thompson. From two orders made subsequent to the entry of a judgment for defendant, defendant appeals. Affirmed.

See, also, 157 App. Div. 934, 142 N. Y. Supp. 1146.

Argued before BURR, THOMAS, CARR, RICH, and STAPLE-TON, JJ.

Charles J. McDermott, of New York City (William Alex Campbell, of New York City, on the brief), for appellant.

A. Walker Otis, of New York City, for respondent.

CARR, J. [1, 2] These appeals are from two distinct orders made in this action some time after the entry of a final judgment dismissing the complaint. To understand the questions involved, it is necessary to make a summary statement of the proceedings in the action up to the time of the entry of the orders now appealed from.

The plaintiff, an aged man, is the father of the defendant, a married woman with a family of children. He owned a parcel of real property situated in the borough of Brooklyn. He made a full-covenant warranty deed of this property to his daughter, this defendant, for a nominal consideration. Thereafter he brought this action to have the deed set aside on the ground that he was ignorant of its legal effect, and that its execution had been procured through fraud on the part of the defendant. The allegations of his complaint were put in issue by the defendant. The action came on for trial at a Special Term of this court. The plaintiff put in his evidence, consisting of the testimony of himself and several other witnesses, and rested. The defendant then moved to dismiss the complaint, on the ground that the plaintiff had failed to prove a cause of action. This motion was denied, and the defendant

excepted. Thereupon the defendant put in evidence as to the circumstances attending the execution and delivery of the deed, and rested. No rebuttal was had. At the close of the case the trial court announced that it would give judgment dismissing the complaint. Thereupon a written decision was made and filed by the trial court, embracing 13 "findings of fact" and 5 "conclusions of law," and judgment was directed dismissing the complaint, with costs, and it was entered accordingly. Of the 5 "conclusions of law," the first 2 were really "findings of fact," and their essential nature was not changed by their label. The findings of fact were such as to entitle the defendant to a judgment upon the merits. The fourth "conclusion of law," by which judgment was directed dismissing the complaint, did not use the words "upon the merits," nor did the judgment afterwards entered upon the decision. But as long as the findings of fact affirmatively made by the trial court stood, it would seem beyond question that the judgment was upon the merits, as the result of a trial and determination of the issuable facts in favor of the defendant. The plaintiff filed exceptions to the specific findings of the trial court, and appealed from the judgment as entered.

Shortly thereafter the plaintiff secured new attorneys, and while his appeal was pending in this court he moved, on notice, before the trial court at Special Term for an order amending the decision and judgment as entered, by inserting in the fourth conclusion of law the words "for failure of proof," so that said conclusion would read as follows:

"That the complaint in this action should be dismissed *for failure of proof*, and that judgment should be rendered in favor of the defendant, dismissing the plaintiff's complaint *for failure of proof* in accordance herewith, with costs"

—and for a similar amendment of the judgment by the insertion, at the appropriate place, of the same words. After a hearing of this motion, it was granted, and an order was entered accordingly on May 23, 1913. In June of that year the plaintiff's appeal from the judgment as entered originally was dismissed by this court. The defendant did not appeal from the order just referred to. Had she so done, then this court would be in a position to review that order, both as to its propriety and as to its legal effect upon the judgment as entered originally. Instead of appealing, the defendant waited upwards of a year, and then made a double-edged motion in this action, asking that the order amending the findings and judgment should be vacated as irregular and beyond the power of the court, or that, in the alternative, the plaintiff should be compelled to enter a judgment as amended by said order.

I presume the purpose of the relief sought in alternative is to allow the defendant an opportunity of now appealing from the judgment as amended. Perhaps there is another reason, but I do not see it. Circumstances have come about which render it advisable for the defendant to procure an adjudication by this court whether the judgment as it now stands is upon the merits, and thus a bar, or whether it is merely one of nonsuit. In a new action between the same parties, brought in the courts of another jurisdiction, this question has become of great importance. We express no opinion as to it, because we think it is

not now before us in such shape as to call for a decision upon it, and any expression of our views would be, at most, but advisory.

The motion to vacate the order of 1913, about which the appellant complains, was not the proper remedy, which was by appeal within the time prescribed by law. The order was made upon notice, and the court had jurisdiction to make an order in the action, and there is no claim of inadvertence or clerical mistake. Therefore the order cannot be considered as irregular or beyond jurisdiction, and thus open to a motion to vacate. As to the alternative relief sought by this appellant to compel the plaintiff to re-enter a judgment in this action, we see no reason for interference with the decision of the Special Term. No precedent is cited to us which, as an authority, calls for such action on our part.

The orders should be affirmed, with $10 costs and disbursements, as on one appeal. All concur.